LAURA A. EMERICK, *Executrix of the Will of* WALTER M. EMERICK, *deceased, vs.* WALTER O. PIERSON AND WILLIAM CRISP.

WHERE, in a suit, in Justice's Court, brought upon a promissory note, the defendant seeks to avoid liability, on the ground that such note has been changed to a greater sum, after its execution, he must, at the time of joining issue, deny the execution of the note, on oath.

*October Term, Allegan County.*

This is an appeal from a Justice of the Peace.

Suit was brought to recover on a note, of which the following is a copy:

"$204.                               PLAINWELL, July 18, 1868.

"Sixty days after date, I promise to pay to the order of

" Walter M. Emerick or bearer, two hundred and four dollars,
" value received, at ten *per cent.*"

"WALTER O. PIERSON,

WILLIAM CRISP."

The note was filed with the Justice, as plaintiff's declaration.
Upon its face it showed that the figure "4" in "$204," had
been written over a figure "2;" and that the word "four" in
the body of the note had been written over the word "two."
Neither the figure "2" nor the word "two" had been erased.
The note was given for money loaned to Pierson, who did not
appear to defend the suit. The defendant, Crisp, sought to
avoid his liability on the note, by showing, by his own testimo·
ny, that the change was made after he signed it, by Pierson.

Under the plea of the general issue, the defendants had given
notice that they would give in evidence proof to establish the
alleged alteration; and on the trial sought to introduce such
evidence.

*Stafford & Padgam,* for Plaintiff; *J. W. Hawes and F. J. Little-
john,* of Counsel.

*J. V. Rogers,* for Defendant; *J. W. Stone,* of Counsel.

BROWN, J.—The defendant, Crisp, to avail himself of the
defence which he claims, should have denied the execution of
the note, on oath, at the time of joining issue in the Justice's
Court. If the note has been changed from $202, to $204, it is,
though on the same paper, to all intents, a different note.

A promissory note is but a promise to pay money, reduced to
writing—a note of promise. Take away the promise, and the
note is destroyed. A promise to pay $202, is not an agreement
to pay $204. It is another and different undertaking.

The indebtedness, in this case, is alleged to be upon a note
for $204. Did the defendants sign a note for that amount?
If not, they should have denied its execution in the manner
provided by C. L. §§ 3714, 3767.

The proof offered is inadmissible, on an other ground—it

relates to matters which, if true, were probably equally within the knowledge of Walter M. Emerick, deceased. *Sess. L.* 1861. *p.* 169; 16 *Mich.*, 211.

Judgment for plaintiff.